IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WADE ATTEBERRY | § | |
| v. | § | CIVIL ACTION NO. 6:15cv8 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE<br>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Christopher Atteberry, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Atteberry pleaded guilty to and was convicted of theft of property on July 31, 2013, receiving a sentence of seven years in prison. The indictment charged that he and a co-defendant, Ragan, unlawfully appropriated by acquiring or otherwise exercising control over three transformers with a value of more than $20,000.00 but less than $100,000.00.

Ragan went to trial and received a 10-year sentence. He appealed his conviction and sentence and the appellate court held that the trial court incorrectly valued the property because it computed the value of the economic loss rather than that of the transformers themselves, which were worth about $10,000.00. The judgment of conviction was modified to show a conviction for theft in the amount of more than $1,500.00 but less than $20,000.00 and Ragan's case was remanded for a new punishment hearing.

1

In his federal habeas petition, Atteberry contended that he should be allowed to appeal his conviction and have it modified based on the appellate court's decision in his co-defendant's case, his indictment and conviction were based on an incorrect valuation of the property, rendering the evidence legally insufficient to support the conviction, and he received ineffective assistance of counsel in that his attorney failed to discover the defects in the charging instrument, failed to apply substantive law to these defects to reduce the punishment, and failed to file a motion for discovery in a timely manner.

## II. The Answer and the Reply

The Respondent argued that Atteberry's ineffective assistance of counsel claim was never presented to the state courts and thus is unexhausted and procedurally defaulted. The Respondent further contended that Atteberry's guilty plea waived his claim that the evidence was insufficient to support his conviction and that Atteberry's challenge to the indictment is foreclosed by the fact that the Texas Court of Criminal Appeals implicitly held the indictment sufficient in denying his state habeas application.

Atteberry maintained in response that the trial court abused its discretion because there was no evidence that the value exceeded the minimum amount necessary to support a conviction. He also claimed that at Ragan's trial, the arresting officer testified that nothing had been stolen. He stated that his guilty plea was unknowing and involuntary because he received ineffective assistance of counsel, his trial counsel prepared his state habeas petition and thus did not include ineffectiveness as a ground for relief, and that the State failed to prove he committed the crime of theft and failed to prove the value of the stolen property beyond a reasonable doubt. Atteberry also asserted that the trial court failed to include the lesser included offense of attempted theft in the charge.

## III. The Report of the Magistrate Judge

The Magistrate Judge concluded that the entry of the guilty plea foreclosed Atteberry's claim that the evidence was insufficient to support his conviction because the entry of the guilty plea

amounted to an admission that he committed the offense with which he was charged. The Magistrate Judge also determined that the denial of Atteberry's state habeas application by the Texas Court of Criminal Appeals amounted to an implicit finding that the indictment was sufficient under state law and that Atteberry did not exhaust his state remedies with regard to his ineffective assistance of counsel claim. Thus, the Magistrate Judge recommended that Atteberry's habeas corpus petition be denied with prejudice, except that the ineffective assistance of counsel claim be denied without prejudice for failure to exhaust.

## IV. The Parties' Objections

### A. Atteberry's Objections

Atteberry contends that if his petition is dismissed, it should be dismissed without prejudice. He asserts that he should be allowed to file a direct appeal in state court and that the district court should have "fixed the problem long ago." Atteberry further states that while a voluntary guilty plea normally cannot be attacked, he should be allowed to do so because the court did not have the correct information concerning the value of the property.

Atteberry alleges that he did not present his claim of ineffective assistance of counsel in state court because his trial counsel prepared his state habeas application and would not assert ineffective assistance against himself. He believes the State committed fraud in prosecuting him and again asks that his case be dismissed without prejudice or sent back to state court.

### B. The Respondent's Objections

The Respondent contends that the Magistrate Judge should have recommended that the claim of ineffective assistance of counsel be dismissed with prejudice as procedurally barred, rather than without prejudice for failure to exhaust.

## V. Discussion

Atteberry does not offer any legal basis for a dismissal of his petition without prejudice. As the Magistrate Judge correctly determined, the fact that later judicial decisions indicate that a guilty plea rested on a faulty premise or that the legal and factual evaluations of the defendant's counsel

were incorrect do not render a guilty plea vulnerable to later habeas corpus review. *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991). Atteberry waived his right to appeal when he entered the guilty plea and the record shows that he understood the charges against him and the consequences of his plea and that his guilty plea was knowing and voluntary. *See also DeVille v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994) (if a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty without coercion, the guilty plea will be upheld on federal review).

The Magistrate Judge cited *Payton v. U.S.*, 436 F.2d 575, 576 (10th Cir. 1970), in which the movant pleaded guilty to aiding and abetting a riot in a federal prison. Some of his co-defendants were convicted at trial and later had the aiding and abetting charge reversed on appeal. Like Atteberry, the movant argued that his guilty plea should be set aside based on the reversals of his co-defendants' convictions, but the Tenth Circuit rejected this argument, holding that the fact the prosecution's evidence failed in the co-defendants' cases did not entitle the movant to collaterally attack his sentence after his plea of guilty. Atteberry is in the same position, and he offers no valid basis upon which to reject the Report of the Magistrate Judge. Atteberry's objections are without merit.

Atteberry asserts that he did not raise ineffective assistance of counsel in his state habeas proceeding because his trial counsel also served as his habeas counsel and could not be expected to raise an issue alleging his own ineffectiveness. This is in essence a claim that he had good cause for not raising the issue in his state habeas application because he received ineffective assistance of counsel in the state habeas proceeding. The Respondent does not address this issue. The Magistrate Judge correctly determined that Atteberry's claim of ineffective assistance of counsel should be dismissed without prejudice for failure to exhaust state remedies. The Respondent's objections are without merit.

## VI. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the parties objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the parties' objections are without merit. It is accordingly

**ORDERED** that the parties' objections are overruled and the Report of the Magistrate Judge (docket no. 21) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE** as to all matters except for the claim of ineffective assistance of counsel, which is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **23** day of **August, 2016.**

_____
Ron Clark, United States District Judge